Reese, J.
delivered the opinion of the court.
The plaintiff in error, with others, was sued by the defendants in error, in an action of detinue for negro slaves, and verdict and judgment were rendered against them, to reverse which they have prosecuted their appeal in error to this court. To this reversal, we think they are entitled upon two grounds.
First: The court erred in receiving as evidence of the plain *346 tiff’s title the copy of the bill of sale registered in Georgia. The court erred in this respect, because, first, it appears from the record in this case that the original bill of sale was, during the sitting of the court, upon the trial, in the power and possession of the plaintiffs below; and, secondly, because the copy from the registry books of Georgia contains no probate or acknowledgment of the deed; none, in point of fact, having taken place, or being in 1816 required by the law of Georgia to have taken place in order to registration; the system of registration of that State at the time being intended to give notice merely of the existence of such instruments, not to create and perpetuate record evidence of their execution and validity, which could supply in any event the want of an original. The copy read in the Circuit Court, in this case, could not have been read in a judicial proceeding in Georgia, where the fact of a valid execution of the instrument was in question, because it was not registered, or required to be registered, upon any probate whatever. The clause of our registration act of 1839, relied on to justify the reception of the instrument by the Circuit Court, if it applies to registration without the State of Tennessee at all, cannot be held to apply to registration in a State whose laws required no probate whatever in order to registration, the pervading principle of our whole registration system being to prove and perpetuate a valid execution of instruments, as well as to give notice of their existence.
Second: The second ground for reversal is, that there is in the record no evidence to sustain the verdict against Halloway Hudges as having detained or been possessed of any of the negro slaves sued for by the plaintiffs below; which fact, as the verdict and judgment are joint, must set aside such verdict, and reverse such judgment as to both. Let this be done and a new trial awarded.